UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV618-3-V
(3:03CR96-V)

| | |
|---|---|
| JAIME CISNEROS GARCIA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.     ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's "Motion for Extension of Time," (Case No. 3:03cr96, Doc. No. 52) which this Court construed as a Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255 (Document No. 1 ) filed November 16, 2007;[1] Petitioner's Motion to Vacate (Doc. No. 1) filed June 2, 2008 and Petitioner's "Emergency Motion to Stay of Deportation" filed December 14, 2009 (Doc. No. 2.) For the reasons stated herein Petitioner's Motion to Vacate will be denied and dismissed.

## I. PROCEDURAL HISTORY

On June 24, 2003, Petitioner was named in a one-count Indictment with reentry after

---

[1] By Order dated May 12, 2008 this Court allowed Petitioner twenty days to respond to the Court's Order indicating whether he wanted the claims listed in his "Motion for Extension of Time" to be considered as a petition for habeas corpus on the grounds of ineffective assistance of counsel. (Case No. 3:03cr96, Doc. No. 53.) Petitioner was specifically cautioned that if he failed to respond to the Court's Order, the Court would construe his filing as a petition pursuant to 28 U.S.C. § 2255 and proceed accordingly. On June 2, 2008 Petitioner responded to this Court's Order by filing a document entitled "Motion to Vacate" (Doc. No. 1.) The Court will consider Petitioner's Motion because the claims listed in his June 2, 2008 filing relate back to those claims contained in his "Motion for Extension of Time" filed November 16, 2008.

1

deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). (Case No. 3:03cr96, Doc. No. 5: Indictment.) Petitioner proceeded to a jury trial on October 16, 2003. On October 17 2003 the jury found Petitioner guilty. On August 17, 2004, the undersigned sentenced Petitioner to 126 months imprisonment. (Id., Doc. No. 34: Judgment.) Petitioner filed a notice of appeal on September 24, 2004. (Id. Doc. No. 35: Notice of Appeal.) On appeal, Petitioner claimed that the district judge erred in (1) denying his motion for judgment of acquittal on the basis that his earlier deportation proceeding was conducted without sufficient procedural due process; (ii) applying a sixteen offense level enhancement called for under the sentencing guidelines; and (iii) applying three criminal history points rather than two criminal history points. On December 14, 2005 the Fourth Circuit issued an unpublished decision upholding the conviction but remanded the case for re-sentencing. (Crim. Case 3:03cr96, Doc. No. 41.) The Fourth Circuit specifically rejected Petitioner's challenge to the validity of his underlying deportation order holding that counsel waived this challenge by not raising it prior to trial and also held that any pre-trial challenge would have failed because Petitioner's claims did not raise a due process violation or demonstrate any prejudice. (Id. at 7-8.) On November 27, 2006 Petitioner was re-sentenced by the undersigned to 92 months imprisonment. (Case No. 3:03cr96, Doc. No. 48: Amended Judgment.)

On November 16, 2007, Petitioner filed a motion for extension of time to "collateral attack his prior deportation under U.S.C.A. 1326" (Id., Doc. No. 52.) By Order dated May 12, 2008, the undersigned dismissed the motion as untimely. In the alternative, the Court explained that it could construe the motion as a petition for habeas corpus relief on the grounds of ineffective assistance of counsel. The Court provided the proper notice to Petitioner of the consequences of such a conversion and allowed Petitioner twenty days to decide whether he wanted his motion construed

as a § 2255 petition. (Id., Doc. No. 53.) On June 3, 2008, Petitioner responded to the Court's Order by filing a document captioned as a "Motion to Vacate" which included the same claims listed in his "Motion for Extension of Time." (Doc. No. 1.)

## II. LEGAL DISCUSSION

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

**A. Petitioner's Prior Deportation**

As his first ground for relief, Petitioner argues that he should be permitted to collaterally attack his prior deportation under 8 U.S.C.A. § 1326. Petitioner raised this issue on appeal to the Fourth Circuit in the context of his claim that the court erred in denying his motion for judgment of acquittal. The Fourth Circuit specifically described Petitioner's claim as "seek[ing] to collaterally attack the validity of the underlying deportation order." (Case No. 3:03cr96, Doc. No. 41 at 5.) The Court held that the Petitioner waived any challenge he may have had to collaterally attack his prior deportation because counsel failed to present the issue to the district court. The Court went on to explain that any pre-trial challenge would have failed because Petitioner's claim did not raise a due process violation or demonstrate any prejudice. (Id. at 7-8.)

3

The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255."). Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

**B. Ineffective Assistance of Counsel**

Next, Petitioner contends that his counsel was ineffective for a variety of reasons. To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). Furthermore, in considering the prejudice prong of the analysis, a court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). The petitioner "bears the burden of proving Strickland prejudice," Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31), and if a petitioner fails to meet this burden, a reviewing court need not consider the performance prong. Id, at 1290 (citing Strickland, 466 U.S. at 697). Critically, because some of Petitioner's

4

claims are attempting to challenge sentencing issues, in order to demonstrate an entitlement to relief, he must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999). Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter.

Petitioner contends that his counsel was ineffective for failing to challenge his prior deportation before trial. Petitioner cannot establish prejudice with respect to this claim because as the Fourth Circuit explained, even if [counsel] had not waived [Petitioner's] right to challenge the legality of his prior deportation before trial, such claim would have failed because the claim did not raise a due process violation or demonstrate any prejudice. (Doc. No. 41 at 7-8.) Petitioner has not established either prong of the Strickland test with respect to this claim, therefore, Petitioner's claim that his counsel was ineffective for failing to challenge his prior deportation during the pretrial stage is denied.

Next, Petitioner contends that his counsel "failed to advice the Petitioner of a conditional plea of guilty, preserving his right to appeal, therefore, accepting a plea agreement of 51-61 months compare to the 125 months the Petitioner receive form the trial tactic in U.S. v. Torres-Sanches, 68 F.3d 227 (8th Cir. 1995). While not completely clear to the Court, it seems Petitioner is arguing that his counsel was ineffective for failing to secure a conditional plea for him like that offered to a defendant in the case cited by Petitioner. First, the Court notes that Petitioner does not argue that the Government ever offered him a conditional plea agreement. Next, the Court is aware that conditional pleas are the exception in this district and are not handed out freely. Finally, just because a defendant in a case was able to plead guilty pursuant to a conditional plea, does not mean counsel

5

in this case was ineffective for failing to secure such an arrangement for Petitioner in this case. This claim is completely conclusory and without merit. Petitioner has not established either prong of the Strickland test, therefore his claim that his counsel was ineffective for failing to secure a conditional plea on his behalf is denied.

Next, Petitioner contends that his counsel was ineffective because "trial counsel did not brought to the Court attention the acceptance of responsibility." (Motion to Vacate at 17.) This Court assumes that Petitioner is arguing that his counsel should have challenged the denial of acceptance of responsibility credit in the Presentence report ("PSR"). Section 3E1.1 of the United States Sentencing Guidelines provides a limited exception through which some defendants may go to trial and still receive acceptance of responsibility credit.

As an initial matter, the Court notes that the Sentencing Transcript belies Petitioner's claim. Indeed, Petitioner's counsel, Aaron Michael, objected, both orally and in writing, to the fact that the PSR did not include an adjustment for acceptance of responsibility. Mr. Michael argued that "[b]ecause he had to go to trial to preserve his challenges to that deportation both statutorily and constitutionally, then he should not be punished for that; and by denying him acceptance of responsibility, the two points, he in effect is being punished for preserving his rights concerning the challenge to the element of the crime being the prior deportation." (Case No. 3:03cr96, Sentencing Transcript August 17, 2004 at 8.) The Government responded that Petitioner did not limit his attack to the validity of the prior deportation. Instead, he argued the sufficiency of the evidence that there was any deportation at all. After hearing from Petitioner's counsel and counsel for the Government, the Court denied the objection concurring with the probation officer's finding that acceptance had not occurred within the meaning of the Guidelines.

6

The record makes clear that Petitioner's counsel did, in fact, object to the PSR's failure to include an adjustment for acceptance of responsibility. Therefore, Petitioner's claim that his counsel did not bring the issue of acceptance of responsibility to the Court's attention is denied.

Next, Petitioner contends that his attorney did not do any research prior to trial. This is clear, Petitioner argues, because his counsel did not file any motions. The record reveals that Scott Gsell[2] was appointed to represented Petitioner on June 6, 2003. Petitioner, through his counsel, entered a not guilty plea on July 2, 2003 and requested a jury trial. On July 14, 2003, counsel filed a Motion for Continuance of Trial asking for additional time for trial so that he could review the discovery material and discuss it with his client. Counsel also stated that he "needed additional time to complete the investigation into the facts of the case and the criminal history of defendant before purposeful plea negotiations can begin." (Case No. 3:03cr96, Doc. No. 10: Motion for Continuance.)

The record reveals that Petitioner's trial counsel filed a motion seeking a continuance of the trial date so that he could review the discovery and complete his investigation. Such request was reasonable and was granted. The Court notes that Petitioner has not indicated what motions his counsel should have filed on his behalf. Petitioner's claim is conclusory and completely lacking in any factual support. Petitioner has not satisfied either prong of the Strickland test and his claim is denied.

Next, Petitioner contends that his counsel was ineffective because he "informed the Court that he would review the cases provided by the prosecution" and he "pleaded ignorance as to the

---

[2] On May 24, 2004, Magistrate Judge Carl Horn, III entered an Order relieving Mr. Gsell of his obligation to represent Petitioner and appointed Mr. Aaron Michael to represent Petition.

7

merits of the deportation appeal." (Motion to Vacate at 17-18.) The Court has reviewed the trial transcript and concludes that Petitioner is referring to a discussion with the Court, outside the presence of the jury, regarding his prior deportation and whether he was denied his ability to appeal that deportation. During that hearing, counsel for the Government provided three cases to the Court and Petitioner's counsel. It seems, Petitioner is arguing that his counsel was ineffective because he had not read these cases prior to the Government providing him copies in Court. However, a review of the transcript reveals that the Court took a recess so that the Judge and counsel could have time to read and understand the cases relied upon by the Government. (Case No. 3:03cr96, Trial Transcript at 56-57.) The fact that counsel had not read the cases that Government counsel handed him in open court is not troubling to the Court. Petitioner has not established that his counsel was deficient for failing to read, in advance, cases he was not aware the Government was going to rely upon. Moreover, Petitioner cannot establish prejudice given that the Court took a recess and allowed counsel time to read and consider the cases. Following the Court's recess, a lengthy discussion of the cases ensued between both counsel and the Court. Petitioner has not established either prong of the Strickland test and this claim of ineffective assistance of counsel is denied.

Finally, Petitioner contends that his counsel rested without presenting any evidence and the jury then returned with a guilty verdict. Once again, the Court has reviewed the trial transcript which reveals that the Government put on its case which included two witnesses. Petitioner's counsel effectively cross-examined both Government witnesses. The transcript also reveals that Petitioner did not want to take the stand in his own defense (Trial Transcript at 67.) While, Petitioner is correct, that his attorney did not present any evidence, this frequently happens in criminal cases as the Government has the burden of proof. Petitioner has not specifically pointed to any particular

evidence or witnesses that his counsel should have presented. Therefore, the Court concludes that Petitioner has not established either prong of the Strickland test and his claim that his counsel was ineffective for not presenting any evidence is denied.

### III. ORDER

**THEREFORE, IT IS HEREBY ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DENIED and DISMISSED (Document No.1 and Doc. No. 52 in case no. 3:03cr96.).

(2) Petitioner's Motion to Stay Deportation during the pendency of his § 2255 motion is Denied as moot. (Doc. No. 2).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED**.

Signed: January 4, 2010

Richard L. Voorhees
United States District Judge